IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PROCTOR LOVE                                                                                                     PLAINTIFF

v.                      Civil No. 4:09-cv-04096

SGT. CHUCK DAVIS, Hempstead
County Detention Center                                                       DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Proctor Love (hereinafter Love), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint was filed *in forma pauperis* (IFP). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Jimm Larry Hendren, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

On December 8, 2009, the undersigned entered an order (Doc. 6) directing Love to complete, sign and return an attached addendum to his complaint. The addendum was to be returned by January 8, 2010.

When he filed the complaint, Love was incarcerated at the Hempstead County Detention Center (HCDC). On December 17th all mail sent to Love at the HCDC was returned to the Court as undeliverable.

Love failed to provide the Court with his new address following his release from the HCDC. Court staff obtained from the HCDC the home address Love had provided when he was booked in. A change of address was entered on his behalf (Doc. 8) on December 22nd. The clerk was directed to send Love all mail that had been returned as undeliverable.

To date, Love has failed to respond to the addendum. Since the change of address was entered on December 22nd, no mail has been returned to the Court as undeliverable. Love has not

sought an extension of time to return the addendum.

I therefore recommend Love's claims be dismissed on the grounds he has failed to prosecute this action and comply with the order of the court. *See* Fed. R. Civ. P. 41(b).

**Love has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Love is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of January 2010.

                                               /s/ Barry A. Bryant  
                                               HON. BARRY A. BRYANT  
                                               UNITED STATES MAGISTRATE JUDGE